UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

**BRETT M. BOUCHARD,**

                **Plaintiff,**

        v.                                     5:17-CV-909
                                                          (FJS/ATB)

**LA PARMIGIANA S.R.L.,
MACCHINE E IMPIANTI PER
LA PASTA,**

                **Defendant.**

_____

**APPEARANCES**                                         **OF COUNSEL**

**O'CONNELL LAW FIRM**                      **KEVIN P. O'CONNELL, ESQ.**
3269 Fulton Avenue
P.O. Box 567
Central Square, New York 13036
Attorneys for Plaintiff

**MEISTER SEELIG & FEIN LLP**              **ALEXANDER D. PENCU, ESQ.**
125 Park Avenue, 7th Floor                  **BENJAMIN D. BIANCO, ESQ.**
New York, New York 10017
Attorneys for Defendant

**COSTELLO COONEY & FEARON, PLLC**    **ELIZABETH HOFFMAN, ESQ.**
500 Plum Street – Suite 300                **ROBERT J. SMITH, ESQ.**
Syracuse, New York 13204
Attorneys for Defendant

**SCULLIN, Senior Judge**

**MEMORANDUM-DECISION AND ORDER**

**I. INTRODUCTION**

Brett Bouchard ("Plaintiff"), a resident of Massena, New York, brings this action against La Parmigiana S.R.L., Macchine E Impianti Per La Pasta ("Defendant") seeking damages for personal injuries sustained while using one of Defendant's pasta making machines. *See generally* Dkt. No. 2, Complaint. Defendant, a foreign company based in Italy, manufactures pasta making machines and sells them to distributors. *See id.* Defendant has moved to dismiss Plaintiff's complaint pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure and on *res judicata* grounds. *See generally* Dkt. No. 13, Def.'s Mot. Dismiss.

**II. BACKGROUND**

On April 24, 2014, while employed at Violi's Restaurant in Massena, New York, Plaintiff's right hand was caught in a component of a model D65 DV pasta making machine that Defendant manufactured, which resulted in the amputation of Plaintiff's lower arm. *See* Dkt. No. 2 at ¶¶ 19-20.

Plaintiff first filed a summons and complaint, alleging injuries from that incident, in New York State Supreme Court, Oswego County, on April 6, 2015. *See Bouchard v. La Parmigiana S.R.L., Macchine E Impianti Per La Pasta*, 5:15-CV-865, Dkt. No. 2, Summons & Compl. (hereinafter "*Bouchard I*"). Defendant removed the case to this District on July 16, 2015. *See Bouchard I*, Dkt. No. 1, Notice of Removal. Defendant then filed a motion to dismiss for lack of personal jurisdiction. *See Bouchard I*, Dkt. No. 12, Def.'s Mot. Dismiss. In an Order dated

January 7, 2016, the court (Kahn, J.) granted Defendant's motion to dismiss, finding that the court could not exercise jurisdiction over Defendant because its activities were not within the reach of New York's long-arm statute. *See Bouchard I*, Dkt. No. 23, Order Granting Mot. Dismiss. The court entered judgment in favor of Defendant and closed the case. *See Bouchard I*, Dkt. No. 24.

Plaintiff then filed another summons and complaint, alleging personal injuries from the same incident, against Defendant in New York State Supreme Court, Oswego County, on April 19, 2017 (the "2017 complaint"), which is the complaint in this action. *See* Dkt. No. 2. In his 2017 complaint, Plaintiff added Wohl Associates, Inc. as a second named defendant.[1] *See id.* Again, Defendant La Parmigiana filed a notice of removal in this District on August 21, 2017, *see* Dkt. No. 1, Notice of Removal, and then filed the pending motion to dismiss, s*ee* Dkt. No. 13.

### III. DISCUSSION

Defendant moves to dismiss Plaintiff's complaint on the grounds of *res judicata.*[2] *See* Dkt. No. 13. "Generally, res judicata is an affirmative defense to be pleaded in the defendant's answer. . . . However, when all relevant facts are shown by the court's own records, of which the court takes notice, the defense may be upheld on a Rule 12(b)(6) motion without requiring an answer. . . ." *Day v. Moscow*, 955 F.2d 807, 811 (2d Cir. 1992) (internal citations omitted); *see also TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 498 (2d Cir. 2014) (holding that "[a]

---

[1] The parties stipulated and agreed to terminate Wohl Associates, Inc. as a defendant on April 9, 2018. *See* Dkt. No. 40, Stip. & Order.

[2] Defendant also moves to dismiss pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure for lack of personal jurisdiction. *See* Dkt. No. 13.

court may consider a *res judicata* defense on a Rule 12(b)(6) motion to dismiss when the court's inquiry is limited to the plaintiff's complaint, documents attached or incorporated therein, and materials appropriate for judicial notice" (citation omitted)).

*Res judicata* "prohibits 'successive litigation of the very same claim' by the same parties." *Whole Woman's Health v. Hellerstedt*, 136 S. Ct. 2292, 2305 (2016) (quotation omitted); *see also Monahan v. New York City Dep't of Corr.*, 214 F.3d 275, 284-85 (2d Cir. 2000). Whether the first judgment will have preclusive effect depends "'on whether the same transaction or series of transactions is at issue, whether the same evidence is needed to support both claims, and whether the facts essential to the second adjudication were present in the first.'" *Monahan*, 214 F.3d at 285 (quotation omitted). To prove *res judicata*, "a party must show that (1) the previous action involved an adjudication on the merits; (2) the previous action involved the plaintiff[ ] . . .; and (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." *Id.* (citations omitted).

"Although a dismissal for lack of personal jurisdiction is not an adjudication on the merits of a claim," *Stengel v. Black*, 486 F. App'x 181, 183 (2d Cir 2008) (Summary Order) (citation omitted), the Second Circuit has held that "such a dismissal precludes re-litigation of the issue it decided[,]" *id.* Therefore, "'principles of *res judicata* apply to jurisdictional determinations— both subject matter and personal.'" *Id.* (quoting *Insurance Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 n.9, 102 S. Ct. 2099, 72 L. Ed. 2d 492 (1982)).

*Res judicata*, however, does not bar a plaintiff from bringing a new case regarding the same subject matter as the first action if there is a development of new material facts after the decision. *See Hellerstedt*, 136 S. Ct. at 2305 (citing Restatement (Second) of Judgments §§ 20(2) and 24, Comment *f*). This is true even for valid and final judgments for the defendants, including those

that rest on the prematurity of the action or on the plaintiff's failure to satisfy a precondition to the suit. *See id.* (quoting Restatement (Second) of Judgments § 20(2)). Even if the new facts meet these criteria, however, the Second Circuit has limited when a subsequent claim based on new facts is permitted. The general rule is that "newly discovered evidence does not preclude the application of res judicata unless the evidence was either fraudulently concealed or could not have been discovered with due diligence" before the prior adjudication. *Saabirah El v. City of New York*, 300 F. App'x 103, 105 (2d Cir. 2008) (citing *Saud v. Bank of New York*, 929 F.2d 916, 920 (2d Cir. 1991) (citing *Guerrero v. Katzen*, 774 F.2d 506, 508 (D.C. Cir. 1985))).

As noted, the court dismissed *Bouchard I* for lack of personal jurisdiction over Defendant. *See Bouchard I*, Dkt. No. 23. Thus, Plaintiff cannot re-litigate that issue unless he pleads new facts that would support a finding that the Court can exercise personal jurisdiction over Defendant that either (1) were not known and could not have been discovered before the Court dismissed *Bouchard I* or (2) that Defendant fraudulently concealed such facts.

In his factual background, Plaintiff notes that the following new allegations were included in his 2017 complaint: Defendant conducted and solicited business in New York and the rest of the United States directly and through its agents; Defendant was registered with and promoted its business with the Italian Trade Agency ("ITA") from 1990 to 2014; the ITA is sponsored by the Country of Italy to promote foreign trade and it has offices in the United States, including New York; Defendant retained the services of an agent, Mr. Piccinetti, to promote its business throughout the United States and Canada; Mr. Piccinetti attended one trade show in New York; and Defendant shipped numerous of its products to New York as its primary shipping port to the United States and Canada. *See* Dkt. No. 27, Pl.'s Memorandum in Opposition, at 27-28.

Plaintiff then argues that "no pre-trial discovery was conducted or allowed in connection with [*Bouchard I*] thereby making it difficult if not impossible to discover those additional facts asserted in [Plaintiff's] 2017 complaint in a timely fashion." *See id.* at 33. Thus, Plaintiff asserts that facts supporting the new allegations were undiscoverable prior to the dismissal of *Bouchard I*, and *res judicata* should not apply.

Plaintiff does not support his contention that Defendant was registered with the ITA (or the other general information alleged about the ITA) with facts that would have been undiscoverable in 2015 when he initiated *Bouchard I*. *See generally* Dkt. No. 27. Plaintiff alleges that Defendant was a member of the ITA from 1990 to 2014, which is *before* Plaintiff filed *Bouchard I*. Additionally, all of the facts alleged regarding the ITA are public information that Plaintiff could have discovered prior to *Bouchard I*.

The record also shows that Plaintiff was aware of Mr. Piccinetti and his alleged connection to Defendant during the pendency of *Bouchard I*. In his 2015 affidavit, Plaintiff's attorney noted that "[a]n internet search of Palo Piccinetti revealed a LinkedIn profile showing that he was the Director of North American Sales and Market Research Divisions for [Defendant] from January 2010 to January 2015" and that Mr. Piccinetti had various responsibilities in that position, including marketing and advertising Defendant's products in the United States and Canada. *See Bouchard I*, Dkt. No. 18, O'Connell Aff. ¶ 15. In light of this information, Plaintiff could have interviewed Mr. Piccinetti or taken a sworn statement from him before commencing *Bouchard I*.

Finally, Plaintiff argues that the new evidence of Defendant's shipments of its products sent through the port of New York to locations elsewhere in the United States and Canada was undiscoverable before *Bouchard I*. *See* Dkt. No. 2 at ¶ 16. In her 2017

declaration, Defendant's CEO, Ms. Giordani, attested that, from 2010 to 2016, Defendant arranged for the shipment of one small machine and a few small parts to New York. *See* Dkt. No. 13-1, Giordani Decl. (2017) at ¶ 15. This is the only evidence presented regarding shipments into New York, and it is unclear whether Plaintiff could have discovered this fact in 2015. However, even if undiscoverable, this alleged new fact is not so *material* that it alone establishes a basis for asserting personal jurisdiction over Defendant or otherwise changes Plaintiff's ability to bring this suit, as *Hellerstedt* requires.

For the above-stated reasons, the Court finds none of the new facts that Plaintiff alleges in his 2017 complaint were undiscoverable before *Bouchard I*, nor are they material to the issue of personal jurisdiction.

Plaintiff alternatively argues that Defendant fraudulently concealed new evidence that would demonstrate the Court could exercise personal jurisdiction over it. In support of his position, Plaintiff cites to *Saabirah El*, in which the plaintiff argued that the district court erred in applying *res judicata* because the defendants fraudulently concealed material facts, resulting in her having less than a full and fair opportunity to litigate her claims in the first suit. *See Saabirah El*, 300 F. App'x at 105. The Second Circuit rejected this argument, stating that the plaintiff's allegations of fraudulent concealment were wholly conclusory. *See id.* The court then gave examples of conduct that could amount to fraudulent concealment, such as delaying producing a witness for a deposition or withholding documents during discovery. *See id.*

Here, Plaintiff asserts that Defendant's CEO, Ms. Giordani, lied in her sworn declaration supporting Defendant's 2015 motion to dismiss *Bouchard I* about the

following information: Defendant's international financial information; when, where, and to whom the D65 DV model pasta making machine was sold; Defendant's mailing address; Defendant's contractual relationships with a New York entity; Defendant's marketing and promotion in New York; Defendant's relationship with Mr. Piccinetti; Defendant's business transactions in New York; and Defendant's affiliation with the ITA and its New York City office. *See* Dkt. No. 27, at 29-31.

Despite Plaintiff's contentions that Ms. Giordani's statements are in conflict with the evidence, he does not cite to evidence that directly refutes any of her statements.[3] Additionally, Plaintiff's assertions do not contradict Ms. Giordani's declarations, nor do they explain how Defendant fraudulently concealed information from him. Although Plaintiff disputes Ms. Giordani's statements, there is no evidence that those statements were fraudulent.

Accordingly, the Court finds that Plaintiff has failed to assert facts which were undiscoverable prior to the court's adjudication of *Bouchard I* or to show that Defendant

---

[3] Plaintiff merely relies on his 2017 complaint and his attorney's affidavit to support his contentions. Plaintiff cannot use his complaint to refute Ms. Giordani's declarations. Mr. Piccinetti's statements to Plaintiff's attorney are hearsay; and, thus, they are inadmissible evidence. Furthermore, Plaintiff's counsel's Internet search of the ITA, while admissible, does not directly refute Ms. Giordani's statements.

Plaintiff also asserts that Ms. Giordani's 2015 and 2017 declarations contradict each other and are internally inconsistent. This is not so. For example, Plaintiff argues that Ms. Giordani's statement, "[Defendant] has no affiliation with the Italian Trade Agency's New York City office, and [Defendant] does not promote or solicit business in the United States through the Italian Trade Agency," *see* Dkt. No. 27 at 31; Dkt. No. 13-1, Giordani Decl. (2017), at ¶ 11, is inconsistent with Ms. Giordani's assertion, "[Defendant] like any other Italian company cannot be a member of the Italian Trade Agency because it is a Public Body merely promoting the Italian business abroad. . . . [Defendant] utilizes the Italian Trade Agency's services for purposes entirely unrelated to soliciting or promoting its business in the United States. All such solicitation and promotion by [Defendant], through the Italian Trade Agency, is targeted at other countries covered by the Italian Trade Agency, not the United States." *See* Dkt. No. 27 at 31; Dkt. No. 13-1 at ¶¶ 12, 14.

fraudulently concealed information that, if discovered, would support a finding that the Court had personal jurisdiction over it under New York's long-arm statute. Re-litigation of the issue of personal jurisdiction is thus precluded on the grounds of *res judicata*.[4]

## IV. CONCLUSION

After carefully considering the entire file in this matter, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Defendant's motion to dismiss, *see* Dkt. No. 13, is **GRANTED**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in favor of Defendant and close the case.

**IT IS SO ORDERED.**

Dated: October 18, 2019
      Syracuse, New York

_____
Frederick J. Scullin, Jr.
Senior United States District Judge

---

[4] In light of the Court's conclusion that *res judicata* bars Plaintiff from re-litigating the issue of personal jurisdiction, the Court does not need to address the merits of Defendant's argument that the Court should dismiss this case pursuant to Rule 12(b)(2) for lack of personal jurisdiction. The Court notes, however, that, if it were to reach the merits, it concurs with Judge Kahn's reasoning in *Bouchard I*.